# EXHIBIT A

FILED: WESTCHESTER COUNTY CLERK 08/04/2020 10:20 AM
NYSCEF DOC. NO. 1

INDEX NO. 58017/2020
RECEIVED NYSCEF: 08/04/2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
----------------------------------------------------------------X
SOO JA CHO,

                          Plaintiff,

      - against -

COSTCO WHOLESALE CORPORATION,
                         Defendant.
----------------------------------------------------------------X

Index No.:
Date Purchased:

Plaintiff designates
Westchester County as
the place of trial.

**SUMMONS**

The basis of venue is Plaintiff's
residence: 277 Bronx River Road
Apt. 6J, Yonkers, NY 10704


To the above-named Defendant:

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney within 20 days after the service of this Summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

JURY TRIAL DEMANDED

Dated: Melville, New York
       August 4, 2020

                                  **NAPOLI SHKOLNIK, PLLC.**

                                  By: _____
                                  CHRISTOPHER GLADD, ESQ.
                                  Attorney for Plaintiff
                                  400 Broadhollow Road, Suite 305
                                  Melville, New York, 11747
                                  212-397-1000

TO:

COSTCO WHOLESALE CORPORATION
*DOS Listed Address for Process*
28 Liberty Street
New York, NY 10005

FILED: WESTCHESTER COUNTY CLERK 08/04/2020 10:20 AM
NYSCEF DOC. NO. 1

INDEX NO. 58017/2020
RECEIVED NYSCEF: 08/04/2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-----------------------------------------------------------------X
SOO JA CHO,

                Plaintiff,

    - against -

COSTCO WHOLESALE CORPORATION,

                Defendant.
-----------------------------------------------------------------X

Index No.:
Date Purchased:

**VERIFIED COMPLAINT**

Plaintiff, by her attorneys, **NAPOLI SHKOLNIK, PLLC.**, upon information and belief alleges:

## AS AND FOR A FIRST CAUSE OF ACTION

1. On or about August 25, 2018, and at all the times hereinafter mentioned, Plaintiff, SOO JA CHO, was and still is a resident of the County of Westchester, State of New York.

2. The cause of action arose in the County of Westchester, State of New York.

3. On or about August 25, 2018, and at all the times herein mentioned, Defendant, COSTCO WHOLESALE CORPORATION, was and still is a domestic limited liability company, duly organized and existing under and by virtue of the laws of the State of New York.

4. On or about August 25, 2018, and at all times herein mentioned, Defendant COSTCO WHOLESALE CORPORATION, was and still is a foreign corporation duly licensed to do business in the State of New York.

5. On or about August 25, 2018, and at all the times hereinafter mentioned, Defendant, COSTCO WHOLESALE CORPORATION, owned the premises located at 20 Stew Leonard Drive, Yonkers, NY 10710, (hereinafter referred to as "the premises") and its appurtenances and fixtures thereto.

FILED: WESTCHESTER COUNTY CLERK 08/04/2020 10:20 AM
NYSCEF DOC. NO. 1

INDEX NO. 58017/2020
RECEIVED NYSCEF: 08/04/2020

6. On or about August 25, 2018, and at all the times hereinafter mentioned, Defendant, COSTCO WHOLESALE CORPORATION, operated the premises located at 20 Stew Leonard Drive, Yonkers, NY 10710.

7. On or about August 25, 2018, and at all the times hereinafter mentioned, Defendant, COSTCO WHOLESALE CORPORATION, maintained the premises located at 20 Stew Leonard Drive, Yonkers, NY 10710.

8. On or about August 25, 2018, and at all the times hereinafter mentioned, Defendant, COSTCO WHOLESALE CORPORATION, managed the premises located at 20 Stew Leonard Drive, Yonkers, NY 10710.

9. On or about August 25, 2018, and at all the times hereinafter mentioned, Defendant, COSTCO WHOLESALE CORPORATION, controlled the premises located at 20 Stew Leonard Drive, Yonkers, NY 10710.

10. On or about August 25, 2018, and at all the times hereinafter mentioned, Defendant, COSTCO WHOLESALE CORPORATION repaired the premises located at 20 Stew Leonard Drive, Yonkers, NY 10710.

11. On or about August 25, 2018, and at all the times hereinafter mentioned, Defendant, COSTCO WHOLESALE CORPORATION was the lessee of the premises located at 20 Stew Leonard Drive, Yonkers, NY 10710.

12. On or about August 25, 2018, and at all the times hereinafter mentioned, Defendant, COSTCO WHOLESALE CORPORATION operated a business at the premises located at 20 Stew Leonard Drive, Yonkers, NY 10710.

13. On or about August 25, 2018, and at all the times hereinafter mentioned, Plaintiff, SOO JA CHO, was lawfully upon the aforementioned premises.

14. That on August 25, 2018, and for some time prior thereto, it was the duty of the Defendant, COSTCO WHOLESALE CORPORATION, its agents, servants, and/or employees to keep the premises in a reasonably safe condition.

15. That on August 25, 2018, and for some time prior thereto, it was the duty of the Defendant, COSTCO WHOLESALE CORPORATION, its agents, servants, and/or employees to keep the interior part of the premises in a reasonably safe condition.

16. That on or about August 25, 2018, and for some time prior thereto, the Defendant, COSTCO WHOLESALE CORPORATION, and its agents, servants, and/or employees caused, permitted, and allowed an unsafe, uncovered, and exposed 'railing' on the floor to be, become and remain on the floor, therefore causing it to become a dangerous, hazardous, and a trap-like condition for a period of time so that it became a trap, hazard, and nuisance to persons lawfully thereat, such as the Plaintiff, SOO JA CHO.

17. That on August 25, 2018, while the Plaintiff SOO JA CHO was lawfully upon the interior part of the premises, an unsafe, uncovered, and exposed 'railing' on the floor created a hazardous and trap-like condition, causing the Plaintiff SOO JA CHO to trip and fall.

18. The aforementioned occurrence and resulting injuries to Plaintiff were due to the careless, reckless and negligent conduct of the Defendant, its agents, servants and/or employees.

19. That the aforementioned occurrence and its results thereof were in no way due to any negligence or culpable conduct on the part of the Plaintiff.

20. That the Plaintiff SOO JA CHO was caused to be injured solely as a result of the negligence, carelessness, and recklessness of the Defendant COSTCO WHOLESALE CORPORATION, and its agents, servants and/or employees, in the ownership, possession, operation, management, use, maintenance and control of the premises and in allowing and permitting a hazardous and trap-like obstacle to exist on the interior of the premises and in failing to make proper and timely inspections and repairs thereto; in causing, allowing, and permitting an obstruction to Plaintiff's safe passage at the location; in failing to provide Plaintiff with safe and proper ingress and egress on the premises; in failing to have taken necessary steps and measures to have prevented the above mentioned location from being used while in a dangerous condition; in negligently and

carelessly causing and permitting the above premises and walkway to be in a dangerous condition for an unreasonable length of time, resulting in hazard to the Plaintiff and others; in failing to take suitable and proper precautions for the safety of persons on and using the premises; in failing to use signs or cones at the location; in creating a dangerous condition; and in being otherwise negligent and careless.

21. That on the date of the incident and prior thereto, the Defendant COSTCO WHOLESALE CORPORATION, and its agents, servants, and/or employees, caused, permitted and allowed the aforementioned interior area of the facility to become hazardous, dangerous, and a trap-like condition for an extended period of time, so that the aforementioned area became a trap, hazard, pitfall, and nuisance to individuals lawfully present at the premises.

22. That by reason of the negligence of the Defendant as aforementioned, SOO JA CHO sustained serious bodily injuries, causing her great pain and discomfort in the past, present, and upon information and belief, in the future; she became and continues to be sick, sore, lame and disabled; upon information and belief, some of her injuries will be permanent; she was and upon information and belief, will be, compelled to seek medical attention for these injuries; and has been and upon information and belief, will be, unable to attend to her usual economic, educational, and social activities.

23. By reason of the foregoing and the negligence of said Defendants, the Plaintiff SOO JA CHO is informed and verily believes her aforementioned injuries are permanent and that she will permanently suffer from the effects of the aforementioned injuries and that she will be caused to suffer pain, suffering, significant limitations and consequential limitations of use of the affected body parts; and disruption of her pre-accident life.

24. By reason of the foregoing, the Plaintiff SOO JA CHO was compelled and did necessarily require medical aid and attention and did necessarily pay and become liable therefore, for medicines and upon information and belief, the Plaintiff, SOO JA CHO, will necessarily incur additional similar expenses.

25. By reason of the foregoing, the Plaintiff SOO JA CHO has been unable to attend her usual occupation and vocation in the manner required.

FILED: WESTCHESTER COUNTY CLERK 08/04/2020 10:20 AM
NYSCEF DOC. NO. 1

INDEX NO. 58017/2020
RECEIVED NYSCEF: 08/04/2020

**WHEREFORE**, Plaintiff, SOO JA CHO, demands judgment against the Defendant, COSTCO WHOLESALE CORPORATION, in a sum that exceeds the jurisdiction of all other courts which would otherwise have jurisdiction, together with the costs and disbursements and interests of this action.

Dated: Melville, New York
August 4, 2020

**NAPOLI SHKOLNIK, PLLC.**

By: _____
CHRISTOPHER GLADD, ESQ.
Attorney for Plaintiff
400 Broadhollow Road, Suite 305
Melville, New York, 11747
212-397-1000

FILED: WESTCHESTER COUNTY CLERK 08/04/2020 10:20 AM
NYSCEF DOC. NO. 1

INDEX NO. 58017/2020
RECEIVED NYSCEF: 08/04/2020

## ATTORNEY'S AFFIRMATION

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF SUFFOLK   )

CHRISTOPHER GLADD, an attorney at law, duly admitted to practice in the Courts of this State, affirms under the penalties of perjury:

I am an attorney associated with **NAPOLI SHKOLNIK, PLLC.**, attorneys for Plaintiff in the above-entitled action.

I have read the foregoing Summons and Complaint and know the contents thereof, and upon information and belief, believe the matters alleged therein to be true.

The reason this verification is made by your affirmant and not by Plaintiff(s) is that Plaintiff(s) herein resides in a county other than the one in which Plaintiff's attorneys maintain their offices.

The source of your affirmant's information and belief are communications, papers, reports and investigations contained in the file.

Dated: Melville, New York
August 4, 2020

_____
CHRISTOPHER GLADD, ESQ.

FILED: WESTCHESTER COUNTY CLERK 08/04/2020 10:20 AM
NYSCEF DOC. NO. 1

INDEX NO. 58017/2020
RECEIVED NYSCEF: 08/04/2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

SOO JA CHO,

                Plaintiff

-against-

COSTCO WHOLESALE CORPORATION

                Defendant(s).

Index No.:

## SUMMONS AND COMPLAINT

Napoli Shkolnik, PLLC
400 Broadhollow Rd.
Melville, NY 11747
Tel: (212) 397-1000
Fax: (646) 257-5081

To
Attorney(s) for

Service of a copy of the within             is hereby admitted.
Dated,
    Attorney(s) for

PLEASE TAKE NOTICE:
    ☐ NOTICE OF ENTRY
        that the within is a (certified) true copy of an      duly entered in the office of
        the clerk of the within named court on _____ 200___.
    ☐ NOTICE OF SETTLEMENT
        that an order      of which the within is a true copy
        will be presented for settlement to the HON.      one of the judges of the
        within named Court, at      on      200___
        at_____ O'clock ___.M.

Dated, _____

                                        Yours, etc.

**NAPOLI SHKOLNIK, PLLC**