THE LAW FIRM OF

# CONNORS & CONNORS
### PC

766 CASTLETON AVENUE
STATEN ISLAND, NEW YORK 10310-1800
TEL: 718-442-1700 FAX: 718-442-1717

John P. Connors (1955-2003)
John P. Connors, Jr.*

Susan E. O'Shaughnessy
Robert J. Pfuhler
Michael P. DeCarlo
Tara P. Mandelbaum
Erik J. McKenna

Joseph J. Carcagno***
Anthony R. Maddaluno**

Of Counsel
Thomas J. Hall

May 4, 2023

> **SO ORDERED:**
> Plaintiff is directed to respond to this letter by May 12, 2023 at 12:00 p.m.
>
> _____  5-10-23
> JUDITH C. McCARTHY
> United States Magistrate Judge

Hon. Judith C. McCarthy
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4150

Re:  Cho v. Costco
     Docket No.: 7:21-cv-06786(JCM)
     Our File No.: DCW 27163

Your Honor:

Our office represents defendant Costco in the above matter.

By way of background, after the expiration of the existing discovery deadlines, plaintiff's counsel sought additional discovery. The additional discovery sought by the plaintiff was originally discussed in an e-mail from plaintiff's counsel sent December 23, 2022, a copy of which is attached to this correspondence. As the Court can see, the plaintiff was requesting an extension of the discovery deadline as they wished to list Dr. Mark McMahon as plaintiff's medical expert and an engineer as a plaintiff's liability expert. They also sought an additional deposition of a Costco employee.

As the Court may recall, a telephone conference was held on January 30, 2023, in order to discuss additional discovery sought by plaintiff's counsel. Following the conference, the Court issued an Order extending discovery deadlines as follows:

1) Plaintiffs engineer expert report due by February 1, 2023.
2) Defendant's new medical expert reports due by March 13, 2023.
3) Depositions shall be completed by March 31, 2023.

THE LAW FIRM OF

## CONNORS & CONNORS
PC

Hon. Judith C. McCarthy
May 4, 2023
Page 2

The discovery deadline was subsequently extended to May 15, 2023, by this Court Order dated March 30, 2020.

Following the January 30, 2023, conference, the plaintiff exchanged a narrative report from Dr. McMahon. Additionally, Dr. McMahon was deposed by our office. The plaintiff was examined by the defendant's new medical expert and the expert's report was exchanged prior to the date set by the court. The plaintiff ultimately sought the further deposition of not one but two additional Costco employees. One of those has been completed and the other is scheduled. The plaintiff also exchanged the contemplated expert report from an engineer. The deposition of the engineer has been completed as has the supplemental deposition of the plaintiff.

On April 13, 2023, plaintiff's counsel exchanged a report from Dr. Kenneth McCulloch dated March 27, 2023, a copy of which is attached. Dr. McCulloch is not a new doctor as he originally saw the plaintiff for a telemedicine visit in May 2020. Dr. McCulloch recently saw the plaintiff on three occasions and made various recommendations including arthroscopic knee surgery. Additionally, Dr. McCulloch also apparently referred the plaintiff for a new MRI of left knee which was done on March 3, 2023. Until receiving this report, the defendant was unaware of this new MRI. No copy of the MRI report or film has been provided nor has an authorization been provided to obtain the actual MRI film.

It is respectfully submitted that Dr. McCulloch should be precluded from offering any testimony regarding anything contained in the March 27, 2023, report, including the information regarding the new MRI. As outlined above, the additional discovery in this matter sought by the plaintiff beginning in late 2022 was due to the plaintiff's desire to retain Dr. Mark McMahon as an expert in this matter. Although all discovery deadlines had passed, with the court's permission and over little objection from the undersigned, the plaintiff was permitted to retain Dr. McMahon. There was never any discussion about a narrative report from Dr. McCullough. At the conference on January 30, 2023, plaintiff's counsel discussed retaining a new expert and exchanging a report from that doctor, not exchanging a narrative report from a treating doctor which contains details about additional testing.

Additionally, while we understand that our office could request the deposition of Dr. McCullough, we are still prejudiced by the fact that the March 3, 2023, MRI would have to be obtained, sent to our examining doctor for review and a new report issued.

Furthermore, there would be no prejudice to the plaintiff in precluding Dr. McCullough's recent report. Both Dr. McCullough and Dr. McMahon are orthopedic surgeons and as such, Dr. McCullough's testimony would be cumulative. Furthermore, in his report, Dr. McMahon already discussed his recommendation for arthroscopic knee surgery.

It should be noted that we have discussed our objections to Dr. McCulloch's report with plaintiff's counsel and requested that they agree not to call Dr. McCulloch as a witness at trial.

THE LAW FIRM OF

# CONNORS & CONNORS
PC

Hon. Judith C. McCarthy
May 4, 2023
Page 3

We advised that if they did not agree to same, we would have to file the instant letter. To date, plaintiff's counsel has not responded to our request.

For all of the foregoing reasons, the defendant requests the Court issue an Order precluding any evidence regarding the information contained in Dr. McCullough's March 27, 2020, report. We are available at any time if the court wishes to discuss this matter.

Thank you for your attention to this matter.

Respectfully,

CONNORS & CONNORS, P.C.

By: *[signature]*
Robert J. Pfuhler
rpfuhler@connorslaw.com

RJP/da
Enclosure